UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

*v.*

2011 MERCEDES BENZ GL450 WITH VIN 4JGBF7BE2BA644472,

Defendant.

Civil Action No:

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW the United States of America, Plaintiff in the above-styled action, by Kurt R. Erskine, Acting United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, pursuant to 21 U.S.C. §§ 881(a)(4), and files this verified Complaint for Forfeiture, showing the Court as follows:

**NATURE OF THE ACTION**

1. On or about January 27, 2021, the Drug Enforcement Administration ("DEA"), Atlanta's Financial Investigations Team ("FIT"), and the Gwinnett County Police Department's Special Investigations Section ("SIS") seized a

2011 Mercedes Benz GL450, VIN 4JGBF7BE2BA644472, ("DEFENDANT VEHICLE") while executing arrest and search warrants for Michael Anthony Coleman at 3133 Canter Way, Duluth, Gwinnett County, Georgia, within the Northern District of Georgia.

2. The arrest warrant was based on marijuana trafficking charges.

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over DEFENDANT VEHICLE pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

**FORFEITURE STATUTES**

6. Pursuant to 21 U.S.C. § 881(a)(4), all conveyances, including vehicles, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled

substances in violation of 21 U.S.C. §§ 841 and 846 are subject to seizure and forfeiture to the United States.

## FACTUAL BACKGROUND

### A. Coleman transported 20 pounds of marijuana in DEFENDANT VEHCILE on August 20, 2020

7. On August 20, 2020, DEA agents, Atlanta FIT, and Gwinnett County PD SIS conducted surveillance of Coleman as he traveled in DEFENDANT VEHICLE.

8. Task Force Officer Steve Kinard observed Coleman pull into the parking lot of Little Tokyo Restaurant, located at 2096 Buford Dam Rd, Buford, Gwinnett County, Georgia 30518.

9. TFO Kinard observed Coleman park DEFENDANT VEHICLE next to a Cadillac, exit DEFENDANT VEHICLE, retrieve a large cardboard box from the occupant of the Cadillac, place the box in DEFENDANT VEHCILE, and drive away.

10. TFO Kinard followed Coleman as he drove the DEFENDANT VEHICLE out of the parking lot.

11. Gwinnett County Police officers stopped Coleman for traffic and equipment violations while he was driving DEFENDANT VEHICLE.

12. During the traffic stop, officers made contact with Coleman, the sole occupant of DEFENDANT VEHILCE, and obtained verbal consent to search the vehicle.

13. Coleman voluntarily said he had approximately 20 pounds of marijuana inside a box in the vehicle.

14. Officers searched the vehicle and located approximately 20 pounds of marijuana.

15. Coleman was advised that the marijuana would be submitted to the Georgia Bureau of Investigation ("GBI") and charges would be pending.

16. The marijuana was taken into custody by Gwinnett County PD and submitted for testing.

17. Coleman was released on scene with tickets.

**B. Coleman drove DEFENDANT VEHICLE when he was arrested and charged with trafficking marijuana on January 27, 2021**

18. On January 27, 2021 DEA Atlanta FIT Agents established surveillance at Coleman's home.

19. At approximately 10:00 a.m., TFO Patrick Tenety observed Coleman open a garage door, take trash to the curb, return to the garage, and close the garage.

20. TFO Tenety also observed DEFENDANT VEHILCE parked in the garage while the door was open.

21. Officers retrieved the trash that Coleman placed on the curb.

22. A canine officer conducted a free air sniff on the trash and exhibited a positive alert.

23. Officers searched the trash and located Ziploc-style bags containing a white powdery substance and a package with Coleman's name and address on the shipping label.

24. Officers obtained an arrest warrant for Coleman and a search warrant for his home.

25. At approximately 1:16 p.m., officers executed the arrest and search warrants.

26. Officers observed Coleman open the garage door, enter DEFENDANT VEHICLE, exit the garage, and drive away.

27. Officers then made contact with Coleman in DEFENDANT VEHICLE and detained him.

28. Officers executed the search warrant for Coleman's home and located approximately 85 pounds of marijuana, 159 grams of THC edibles, 14 grams of THC oil, a pill press, drug paraphernalia, and firearms.

29. Coleman was arrested and charged with trafficking marijuana, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony.

30. Officers deployed a canine officer to conduct a free air sniff on DEFENDANT VEHICLE. The canine gave a positive alert but no contraband was located in the vehicle, which suggests that, at some point, there were drugs in the car.

31. DEFENDANT VEHICLE was seized from Coleman during the execution of a search warrant and initially towed to the Gwinnett County PD Headquarters.

32. DEFENDNAT VEHICLE was later towed to 2565 Century Parkway, Atlanta, Georgia 30345 and secured pending Federal forfeiture.

33. On or about April 28, 2021, Coleman, by and through counsel, filed a claim asserting an interest in DEFENDANT VEHICLE.

**CONCLUSION**

34. Based on the forgoing, the DEFENDANT VEHICLE is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4) on the grounds that it was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled

substances in violation of 21 U.S.C. §§ 841 and 846.

WHEREFORE, Plaintiff prays:

(1) that the Court forfeit DEFENDANT VEHICLE to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This ____ day of July, 2021.

Respectfully submitted,

Kurt R. Erskine
*Acting United States Attorney*

/s/ Norman L. Barnett
NORMAN L. BARNETT
*Assistant United States Attorney*
Georgia Bar No. 153292
75 Ted Turner Dr., S.W., Ste. 600
Atlanta, Georgia 30303
norman.barnett@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>*v.*<br><br>2011 MERCEDES BENZ GL450 WITH VIN 4JGBF7BE2BA644472,<br><br>Defendant. | Civil Action No: |

**<u>VERIFICATION OF COMPLAINT FOR FORFEITURE</u>**

I, Task Force Officer Daniel S. Garsh, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 27 day of July, 2021.

Daniel Garsh
TFO DANIEL S. GARSH
DRUG ENFORCEMENT AGENCY